[No. 18436. Department Two. April 28, 1924.]

# F. C. PALMER & COMPANY, *Respondent*, v. STEPHEN E. CHAFFEE *et al.*, *Appellants*.[1]

GUARANTY (3)—ACCEPTANCE—NECESSITY. A guaranty is binding although not formally accepted, where a landlord wrote that he would guarantee his tenant's debt if time were extended to a certain day and the tenant's creditor forbore suit in reliance thereon.

SAME (5)—CONSIDERATION—SUFFICIENCY. Extension of time for payment and forbearance to foreclose a chattel mortgage on a tenant's stock and farm implements, is a sufficient consideration to support the landlord's guaranty of the tenant's debt.

SAME—REMEDIES—ENFORCEMENT OF AGREEMENT—ACTION—CONDITIONS PRECEDENT. A guarantee is not required to exhaust his remedy against the principal debtor before suit against the guarantor, where the debt or obligation was due and absolute before the guaranty was given.

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered October 13, 1923, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*R. John Lichty* and *Stephen E. Chaffee*, for appellants.

*D. H. Bonsted* and *Eugene D. Ivy*, for respondent.

MITCHELL, J.—The substance of the evidence and findings of fact may be mentioned to give a view of the case. They are, in effect, that, on and prior to June 15, 1922, one G. P. Watterson was indebted to F. C. Palmer & Company, a mercantile corporation, in the sum of $446.16, all of which was past due, a part of it being secured by a chattel mortgage given by Watterson on growing crops, farming implements, stock and cattle owned and used by him as a tenant, on a crop share basis, on a farm belonging to Stephen E. Chaffee

[1] Reported in 225 Pac. 65.

and wife. Palmer & Company threatened collection, including foreclosure of the mortgage, whereupon Stephen E. Chaffee, on June 15, 1922, wrote to plaintiff as follows:

"Saw Mr. Watterson yesterday and he said that you were pressing him for the balance of his account and said that he had a mind to take in the stuff on which you had a mortgage and turn it over to you. This is satisfactory to me. Told him, however, that if you were willing to extend time of payment until October 15th that I would guarantee the payment of your account in the sum of $446.16."

That the letter was duly received by the plaintiff; and on June 24, 1922, Mr. Chaffee again wrote, and plaintiff received a letter, as follows:

"Mr. Watterson tells me that you are not satisfied with my offer to guarantee his account and think that you can get your money quicker. This is to advise you that if suit is started my offer is immediately withdrawn and that I will in no wise be liable for his account.

"The facts are that I am making it possible for Mr. Watterson to pay this account. It takes a lot of money to finance a crop and you people who are sure making a good big profit have to carry some as well as the rest of us."

That there was no formal written communication of acceptance given by the plaintiff to either letter, but, relying on the promise of Mr. Chaffee, the plaintiff did not make any further attempt to collect from Watterson by suit, whether foreclosure of the mortgage or otherwise; that Mr. Chaffee visited the farm occupied by Watterson every ten days after June 15, 1922, and knew that the mortgaged chattels were being used on the farm by Watterson in farming and cultivating the land, and knew that the plaintiff was not attempting to foreclose the mortgage or attempting to collect the

debt due it; that defendants Chaffee at no time subsequent to June 15, 1922, withdrew the guarantee contained in the letters of June 15 and 24, 1922; that Watterson has failed to pay the indebtedness or any part thereof; that, after October 15, 1922, plaintiff demanded payment from the defendants, which was refused; that plaintiff forbore suit against Watterson, relying on the promise contained in the letters of June 15 and 24.

The evidence further shows that, on October 10, 1922, the plaintiff wrote to Mr. Chaffee, calling his attention to his letters guaranteeing the account of $446.16 if plaintiff would wait until October 15, 1922, and further stated therein, "As we have many obligations to meet this month we kindly ask that you arrange to take care of the above amount by the 15th as we are depending upon it." It does not appear that any response was made to this letter. At the trial the defendants introduced no evidence, but took the case as it was made by the plaintiff, and have appealed from a judgment against them.

The appellants duly filed exceptions to the findings, but upon an examination of the record, we are satisfied that they are justified and supported by the testimony. Indeed, appellants in their briefs say that, as the "assignments of error embrace practically all the findings, the same raise several questions which can be more appropriately discussed under the legal propositions they present."

Appellant's first argument is that there was no reply to his offers of June 15 and 24 by way of formal acceptance on the part of the respondent. It is to be observed that his guaranty related not to some obligation of another as to future advances, but to one already due and certain. Manifestly the purpose of the offers

was, among other things, the disadvantage to the respondent of forbearance to sue Watterson. This the respondent did, as the evidence and findings show, relying on the promise of appellants, who were aware that no suit had been commenced and that the personal property covered by the mortgage was in the possession of, and being used by, their tenant in farming operations on their lands. The offer required no written reply in the nature of an acceptance. The letter of June 15 fixed the limit of time for forbearance until October 15, and after June 15, upon being told, as he says, by Watterson that the respondent was not satisfied with appellant's offer to guarantee the account, the appellant then wrote, ''This is to advise you that if suit is started my offer is immediately withdrawn and that I will in no wise be liable for his account. The facts are that I am making it possible for Mr. Watterson to pay this account.'' The proposition and obligation was thus made a continuing one that was as active on October 14 as on the day it was made, and at all times available to the promisee, in the absence of a violation by it of the terms and conditions on which the obligation rested. A formal written acceptance was wholly unnecessary, performance was the essential thing. Performance, with the knowledge of a promisor, always implies acceptance. The appellants knew the respondent was performing by forbearing to sue according to the terms of the contract of guarantee, and when, on October 10, the respondent gave written notice of the expiration of the time limit as being on the 15th of that month, and demanding that the appellants arrange to take care of the payment ''as we are depending upon it,'' the appellants found no occasion to either express surprise or disavow the obligation. We do not discuss authorities cited by the appellants, since

upon consideration of them we think they rest upon facts essentially different from those in the present case.

Next it is argued that there was a lack or failure of consideration. But the written guaranty itself nominates the consideration, which was that the respondent should forbear suit, including the foreclosure of a chattel mortgage on stock, cattle and farm implements belonging to and used by a tenant on the appellants' farm during the principal portion of the farming season, until October 15. This, by all authority, was a sufficient consideration which was given and performed by the respondent, as the appellants were well aware.

Further, it is contended there can be no judgment against the appellants, as the respondent has not exhausted its remedy against Watterson. We are satisfied the law is against that contention. 28 C. J., Guaranty, § 125, pp. 972-974.

At § 126, p. 974, 28 C. J., it is said:

"Where the guaranty is of a debt or obligation which has become due and absolute before the guaranty is given, the guarantee is not required to take any legal steps to perfect his claim against the principal debtor before proceeding against the guarantor."

Judgment affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.